Russell S. Thompson, IV (029098)
David McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
dmcdevitt@consumerlawinfo.com

*Attorneys for Plaintiff*
AMANDA MIX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Mix, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Asurion Insurance Services, Inc. and Sterling Infosystems, Inc.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1.      Plaintiff Amanda Mix ("Plaintiff") brings this class action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2.      Defendant Asurion Insurance Services, Inc. ("Asurion") routinely obtains and uses information in consumer reports to conduct background checks on prospective employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment actions, including the refusal to hire.

Original Class Action Complaint - 1

3. Defendant Sterling Infosystems, Inc. ("Sterling") is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

4. Sterling is a "consumer reporting agency" under the FCRA.

5. Sterling assembled a "consumer report," as defined by the FCRA, on behalf of Asurion in evaluating Plaintiff for prospective employment.

6. The use of consumer report information for employment purposes is not unlawful *per se*, but it is subject to strict disclosures and authorization requirements under the FCRA.

7. Asurion has negligently and/or willfully violated these requirements, in violation of Plaintiff's rights and the rights of other Putative Class members.

8. Sterling has negligently and/or willfully violated these requirements, in violation of Plaintiff's rights and the rights of other Putative Class members.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and the Defendants transact business in this district.

# PARTIES

11.     Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, City of Scottsdale.

12.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

13.     Asurion is a foreign, for-profit entity authorized to do business in the state of Arizona.

14.     Asurion may be served through its registered agent, NATIONAL REGISTERED AGENTS INC, 2390 E Camelback Rd., Phoenix, AZ 85016.

15.     Sterling is a foreign, for-profit entity authorized to do business in the State of Delaware.

16.     Sterling may be served through its registered agent, Paracorp Incorporated, 2140 S. Dupont Hwy, Camden, DE 19934.

## THE FAIR CREDIT REPORTING ACT

17.     The FCRA was enacted by Congress to ensure fair and accurate credit reporting and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

18.     The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for…employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

19. "The FCRA is not an employment statute, but it imposes a duty on employers to provide prospective employees with information about their consumer reports." *Johnson v. ADP Screening and Selection Services, Inc.*, 768 F. Supp. 2d 979, 983 (D. Minn. 2011).

20. Thus, "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates…a copy of the report." 15 U.S.C. § 1681b(b)(3)(A).

21. "The clear purpose of this section is to afford employees time to discuss reports with employers or otherwise respond before adverse action is taken." *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012) (citation to secondary sources omitted).

22. "Congress's use of the word 'before' shows that there must be some time between notice and action." *Johnson*, 768 F. Supp. 2d at 983.

23. "Adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

24. "Adverse action" also means "an action taken or determination that is…made in connection with an application that was made by, or a transaction that was initiated by, any consumer…and…adverse to the interests of the consumer." 15 U.S.C. § 1681a(k)(1)(B)(iv).

Original Class Action Complaint - 4

25. "[A]n adverse action occurs when the decision is carried out, when it is communicated or actually takes effect." *Goode*, 848 F. Supp. 2d at 540.

26. This includes when a consumer reporting agency analyzes and negatively adjudicates a prospective employee's consumer report or employment application on behalf of an employer. *Id*.

## FACTUAL ALLEGATIONS

27. Sometime prior to July 11, 2014, Plaintiff applied for a job with Asurion in its technical support department.

28. Asurion provides "mobile device replacement insurance" for wireless carriers such as Verizon Wireless and AT&T.

29. Asurion is the largest insurance company of this kind in the world and has over 14,000 employees.

30. On July 11, 2014, Plaintiff had an interview at Asurion's office on 4025 S. 32nd Street, Phoenix, AZ 85040.

31. During the application process, Asurion conducted a background check on Plaintiff through its third-party vendor, Sterling.

32. Sterling relied on and/or created a "consumer report," as defined by the FCRA, to perform this background check.

33. On July 18, 2014, Plaintiff received a welcome letter offering her employment at Asurion's aforementioned office. *See* Exhibit "A" attached hereto.

34. On July 18, 2014, Plaintiff responded to Asurion's email accepting the position. *See id*.

35. On July 22, 2014, Asurion sent Plaintiff an email asking her to confirm that she was accepting employment, with a start date of July 28, 2014. *See* Exhibit "B" attached hereto.

36. Specifically, the email, which upon information and belief, is based on a form or a template, read, in relevant part, as follows:

> **Please Reply To This Email To Confirm Receipt and that you will be there on Monday. Please do not hesitate to reach out to me if you have any questions before Monday.**
>
> **\*\*\****PLEASE NOTE***: We have not received your BG/Drug Screen results. Marty Grubbs or I will be contacting you as we receive that information this week. We have until end of day Friday to receive your results for you to be able to start on Monday.**
>
> On behalf of the Talent Acquisitions team, I'd like to extend **a very big WELCOME to the team**! We are very excited to have you!
>
> I'd like to go over a few very important details.
>
> Training can last from 4-6 weeks. You will be required to train Monday-Friday the first 4 weeks. After the 4-week time frame, it is required for you to be flexible to work for possible morning, afternoon, night, and/or weekends.
>
> **Start date:   Monday, July 28, 2014**
>
> 1st Day – **arrive at 2:30pm (schedule for day 1; 3:00pm – 11:30pm)**
>
> 2nd Day – **(Schedule day 2 through end of training; 3:00 – 11:30pm)**
>
> **Training / Work Location:** 4025 S. 32nd Street | Phoenix |AZ 85040

*Id.*

37. On July 22, 2014, Plaintiff replied to above email, stating, "Yes, I will be there on Monday! I look forward to being a part of the team and working with you." *Id.*

38. On July 23, 2014, Asurion's employee responded, stating "Thank you, Amanda! I will be staying in touch this week as we receive BG/Drug screen results. I

Original Class Action Complaint - 6

check the roster twice a day for updates and will email when your results have cleared. If there are any questions, you would receive a phone call and email from Marty Grubbs."

*Id.*

39.     Upon information and belief, sometime between the July 23, 2014 email and the July 25, 2014 email described in the paragraph below, Sterling communicated to Asurion that Plaintiff's background check contained "red flags."

40.     On July 25, 2014, Plaintiff received an email from Marty Grubbs, Asurion's Recruiter, stating:

> Dear Amanda,
>
> As you know, successful completion of the background check and drug-screening process is a condition of employment with Asurion. Your background report and drug screen results have been carefully reviewed against our requirements and unfortunately, you do not meet our hiring criteria. We are therefore unable to proceed with your offer of employment at this time. We recognize you may have questions as a result of this email and therefore, we have established a formal process for any disputes or inquiries related to this decision. **To ensure strict privacy, we do not respond directly to questions via phone or email regarding this decision.**
>
> You will receive a letter at your home address from Sterling InfoSystems in approximately one week with the full results of the background report and drug screen results. Please review the letter and report thoroughly. You will be provided with specific instructions on how to initiate a dispute of the results, if you feel they are in error. Please follow the steps outlined in the letter to initiate a dispute regarding any information related to your background check/drug screen.
>
> We thank you for your application.
>
> Talent Acquisition Team
>
> Marty Grubbs
> Recruiter |cwr.Marty.Grubbs@asurion.com
> Phone 773-856-0289

*See* Exhibit "C" attached hereto (emphasis added).

41. Accordingly, Plaintiff was not permitted to begin her employment at Asurion the following Monday, July 28, 2014.

42. Thereafter, Plaintiff received a letter by mail dated July 25, 2014 that read, in relevant part:

> Dear AMANDA
>
> When you applied for employment, you consented to an independent investigation conducted by a consumer reporting agency.
>
> **Asurion Insurance Services, Inc.** contracted with STERLING INFOSYSTEMS, INC., whose address and telephone number are 1 State Street, 24th Floor, New York, NY 10004 / Telephone: (877) 424-2457. STERLING INFOSYSTEMS, INC. has reported to us the following information:
>
> Based on this information, subject to you successfully challenging the accuracy of this information, we have decided to revoke your conditional offer of employment. STERLING INFOSYSTEMS has not made this decision and is not able to explain why the decision was made.
>
> **Asurion Insurance Services, Inc.** is enclosing a copy of the report and a summary of your rights under the Fair Credit Reporting Act. You have the right to obtain a free copy of your file from STERLING INFOSYSTEMS, INC. if you request the report within 60 days. You also have the right to dispute directly with STERLING INFOSYSTEMS, INC. the accuracy or completeness of any information provided by it.
>
> If you believe the information listed above is not accurate, please contact STERLING INFOSYSTEMS within five business days of the receipt of this letter and advise Emily Edwards-Qalandarova at 615.445.1534 that you have done so.
>
> Sincerely,
>
> **Emily Edwards-Qalandarova**
>
> **Talent Acquisition**
>
> Encl: A Summary of Your Rights Under the Fair Credit Reporting Act

*See* Exhibit "D" attached hereto.

Original Class Action Complaint - 8

43. In addition to the above cover letter, Plaintiff received a copy of the report from Sterling in the same envelope. *See id*.

44. While the cover letter reads as if it was mailed by Asurion, upon information and belief, the cover letter and report were actually mailed by Sterling. *See* Exhibit "C" (where Asurion states Plaintiff would "receive a letter at [her] home address from Sterling InfoSystems in approximately one week with the full results of the background report and drug screen results."); *see also* Exhibit "D" at 3 (letter states "[t]his report or portions of this report may have been rated or scored pursuant to criteria provided by the client.").

45. At the time Asurion revoked Plaintiff's offer of employment, it was aware of the FCRA.

46. At the time Sterling informed Asurion of the negative results of Plaintiff's background check and mailed the July 25, 2014 letter, it was aware of the FCRA.

47. In spite of this knowledge, neither Asurion nor Sterling complied with the FCRA's requirement that they provide Plaintiff with a copy of her credit report prior to taking adverse action against her.

## CLASS ACTION ALLEGATIONS

48. Plaintiff repeats and re-alleges all previous paragraphs.

49. Upon information and belief, Asurion maintains a routine practice of taking adverse action against current and prospective employees based on information contained in their consumer reports without first providing a copy of such report to said current and prospective employees.

Original Class Action Complaint - 9

50.     Upon information and belief, Sterling maintains a routine practice of taking adverse action against consumers based on information contained in their consumer reports without first providing a copy of such report to said consumers.

51.     Plaintiff brings this action on behalf of herself and others similarly situated. Specifically, Plaintiff seeks to represent two classes of individuals defined as:

> 1. All employees or prospective employees of Asurion in the United States who received notice on or after two years prior to the filing of this complaint that Asurion was taking adverse employment action against them, based in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report in advance.
>
> 2. All individuals in the United States against whom, on or after two years prior to the filing of this complaint, Sterling took adverse employment action, based in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report in advance.

52.     The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

53.     The class is averred to be so numerous that joinder of members is impracticable.

54. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

55. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

56. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FCRA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

57. The claims of Plaintiff are typical of those of the class she seeks to represent.

58. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

59. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

60. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

61. Plaintiff is willing and prepared to serve this Court and proposed class.

62. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

63. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

64. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

65. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

66. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

68. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681b(b)(3)(A)
## ASURION

69. Plaintiff repeats and re-alleges each factual allegation above.

70. Asurion used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff.

71. Asurion violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse action against Plaintiff based on the content of a consumer report without first providing her a copy of the report or a description of her FCRA rights.

72. Specifically, Asurion took adverse action against Plaintiff when it emailed Plaintiff on July 25, 2014 that it was "unable to proceed with [her] offer of employment" due to the results of Sterling's background check, and where it did so without providing

her with a copy of the report and a notice of her rights in advance, as required by the FCRA.

73. In addition to or in the alternative, Asurion violated 15 U.S.C. § 1681b(b)(3)(A) by not permitting her to begin training on July 28, 2014 as a result of the content of her background report, and where it did so without providing her with a copy of the report and a notice of her rights in advance, as required by the FCRA.

74. In addition to or in the alternative, Asurion violated 15 U.S.C. § 1681b(b)(3)(A) by mailing the August 1, 2014 letter permanently revoking Plaintiff's offer of employment, where Plaintiff could have only received a copy of the background report less than a week earlier, thereby not giving Plaintiff sufficient time to address the content of the report with her prospective employer, as required by the FCRA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Asurion negligently violated 15 U.S.C. § 1681b(b)(3)(A) with respect to Plaintiff and the Putative Class members;

c) Adjudging that Asurion willfully violated 15 U.S.C. § 1681b(b)(3)(A) with respect to Plaintiff and the Putative Class members;

d) Awarding Plaintiff, and all those similarly situated, statutory damages and punitive damages, pursuant to 15 U.S.C. § 1681n;

e) Awarding Plaintiff, and all those similarly situated, actual damages, pursuant to 15 U.S.C. § 1681o;

f) Awarding Plaintiff, and all those similarly situated, the costs of the action, and a reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, or Rule 23.

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1681b(b)(3)(A)**
**STERLING**

75. Plaintiff repeats and re-alleges each factual allegation above.

76. Sterling used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff.

77. Sterling violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse action against Plaintiff based on the content of a consumer report without first providing her a copy of the report or a description of her FCRA rights.

78. Specifically, Sterling took adverse action against Plaintiff when it communicated to Asurion sometime between July 23, 2014 and July 25, 2014 that, based on the content of her consumer report, Plaintiff had failed the background check and where Sterling did not provide Plaintiff a copy of the consumer report and a notice of her rights until after July 25, 2014.

79. In the alternative or in addition, Sterling violated 15 U.S.C. § 1681b(b)(3)(A) by mailing the July 25, 2014 letter revoking Plaintiff's offer of employment with Asurion based on the content of the consumer report and providing a copy of the report at the same time, as opposed to before mailing such letter, as required by the FCRA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Asurion negligently violated 15 U.S.C. § 1681b(b)(3)(A);

c) Adjudging that Asurion willfully violated 15 U.S.C. § 1681b(b)(3)(A);

d) Awarding Plaintiff, and all those similarly situated, statutory damages and punitive damages, pursuant to 15 U.S.C. § 1681n;

e) Awarding Plaintiff, and all those similarly situated, actual damages, pursuant to 15 U.S.C. § 1681o;

f) Awarding Plaintiff, and all those similarly situated, the costs of the action, and a reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, or Rule 23.

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

80. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted on Thursday, October 23, 2014.

By: /s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
David McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
dmcdevitt@consumerlawinfo.com

*Attorneys for Plaintiff*
AMANDA MIX