WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Mix,<br><br>               Plaintiff,<br><br>v.<br><br>Asurion Insurance Services Incorporated, et al.,<br><br>               Defendants. | No. CV-14-02357-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Amanda Mix's Motion for Reconsideration. (Doc. 126.) For the reasons discussed below, the motion is denied.

## BACKGROUND

The facts in this case are set forth in the order denying Mix's motion for class certification. (Doc. 123.) In that order, the Court found that Mix had failed to meet the requirements of Federal Rule of Civil Procedure 23(a) in seeking to certify two classes and one subclass. Mix now contends that a newly decided Ninth Circuit case, *Briseno v. ConAgra Foods, Inc.*, No. 15-55727, 2017 WL 24618 (9th Cir. Jan. 3, 2017), undermines the Court's reasoning in its order. Mix also asserts that the Court erred in some of its reasoning, apart from any new law announced in *Briseno*.

## DISCUSSION

Local Rule of Civil Procedure 7.2(g)(2) provides "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." The Court's order denying class

certification was filed on December 14, 2016, while Mix's motion for reconsideration was filed on January 10, 2017. This exceeds the fourteen day limit; however, Mix's motion largely relies on a new Ninth Circuit case issued on January 3, 2017. "Good cause" primarily concerns a party's diligence in filing the motion. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). No extra diligence would have allowed Mix to bring *Briseno* to this Court's attention before it was issued, and Mix has therefore shown good cause for the delay.

Whether *Briseno* can support a motion for reconsideration is another matter. "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. P. 7.2(g)(1); *see also Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"), *cert. denied*, 512 U.S. 1236; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly-discovered fact or law, newly-occurring facts, a material change in the law, or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision). A motion for reconsideration is an inappropriate vehicle to ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

/ / /

1 Mix asserts that the Court should reconsider its order in light of the "extremely helpful guidance" of *Briseno*. But *Briseno* did not actually change the controlling law. The Ninth Circuit simply made explicit that, consistent with circuit precedent, a plaintiff need not demonstrate an "'administratively feasible' means of identifying absent class members" as a prerequisite to class certification. *Briseno*, 2017 WL 24618 at *1. A "change in controlling law requires more than 'merely confirm[ing]' the state of existing law." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 222 (D. Ariz. 2012) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 568 n.3 (5th Cir. 2003)).

That *Briseno* did not change controlling law is reflected in part by the fact that this Court's order is consistent with *Briseno*. The Ninth Circuit wrote that "Rule 23(a) constitutes an exhaustive list" of the "prerequisites to maintaining a class action in federal court," *id.* at *4, and that a court should analyze those factors and not create more in deciding whether to certify a class. That is what this Court did, finding that the Asurion Class and Asurion subclass failed under Rule 23(a)(3) and (a)(4), and that the Sterling Class failed under Rule 23(a)(2), (a)(3), and (a)(4). (Doc. 123 at 20, 26.)

Moreover, while *Briseno* instructs that "courts should not let the perfect become the enemy of the good," *Briseno*, 2017 WL 24618 at *8 (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 666 (7th Cir. 2015)), the applicability of that admonition varies based on the facts of a given case. *Briseno* dealt with a "low-value consumer class action[]," the type of case that "typically involve[s] low-cost products and, as a result, recoveries too small to incentivize individual litigation." *Id.* at 7. To deny class certification based on the highly unlikely event that any plaintiff would be better off opting out would "protect a purely theoretical interest." *Id.*

In this way, the Ninth Circuit's reasoning in *Briseno* was similar to the Seventh Circuit's reasoning in *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006), which this Court addressed, considered, and found distinguishable from the class action in this case. (Doc. 123 at 23–24.) The Court has already thought through whether other

- 3 -

potential class members have sufficiently different interests from Mix to preclude class certification and has decided that the concerns here are not "purely theoretical." Appellate review, not a motion for reconsideration, is the proper place to seek review of the Court's reasoning.  *See Defs. of Wildlife*, 909 F. Supp. at 1351.

The remainder of Mix's motion raises certain supposed errors in the Court's reasoning.  Mix demonstrates no manifest error; moreover, she demonstrates no reason why she could not have brought any alleged errors to the Court's attention within the time frame required by Local Rule of Civil Procedure 7.2(g)(2).

**IT IS THEREFORE ORDERED** that Plaintiff Amanda Mix's Motion for Reconsideration (Doc. 126) is **DENIED**.

Dated this 13th day of January, 2017.

*[signature]*
Honorable G. Murray Snow
United States District Judge